1  A. Justin Lum (CA State Bar No. 164882)
2  Tony W. Wong (CA State Bar No. 243324)
   David and Raymond IP Law Firm
3  388 E. Valley Blvd., Suite 223
4  Alhambra, CA 91801
   Telephone: (626) 447-7788
5  Facsimile: (626) 447-7783
6  Email: ajlum@dnriplaw.com
          tonyw@dnriplaw.com
7

8  Attorneys for Plaintiff
   FOUNDTON CO., LTD.
9

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Foundton Co., Ltd., a China Company, <br><br> Plaintiff, <br><br> v. <br><br> Naschem Co. Ltd., a Korea Company; N.Rit Corporation, a California Corporation; and Does 1 through 10, inclusive, <br><br> Defendants. | Case No. CV14-09829 <br><br> **COMPLAINT FOR:** <br><br> **1. PATENT INFRINGEMENT OF U.S. PATENT NO. 8,201,961 PURSUANT TO 35 U.S.C. §271** <br><br> **2. PATENT INFRINGEMENT OF U.S. PATENT NO. 8,444,285 PURSUANT TO 35 U.S.C. §271** <br><br> **3. PATENT INFRINGEMENT OF U.S. PATENT NO. 8,474,995 PURSUANT TO 35 U.S.C. §271** |

For its Complaint against Defendants Naschem Company, Limited ("Naschem") and N.Rit Corporation ("N.Rit"), Plaintiff Foundton Company, Limited ("Foundton") states the following:

## I.

## THE PARTIES

1. Foundton is a China company with its principal place of business at Room 929-930, Star House, 3 Salisbury Road, Tsim Sha Tsui, Kowloon, Hong Kong.

2. Foundton is informed and believes, and thereupon alleges, that Defendant Naschem is a Korea company with its principal place of business at 223-427 Seoknam-2-Dong, Seo-gu, Incheon City, 404-825, Republic of Korea.

3. Foundton is informed and believes, and thereupon alleges, that Defendant Naschem has an office and place of business at 20280 S. Vermont Ave., Suite 200, Torrance, California 90502.

4. Foundton is informed and believes, and thereupon alleges, that Defendant N.Rit Corporation is a California Corporation with its principal place of business is at 20280 S. Vermont Ave., Suite 200, Torrance, California 90502.

5. Foundton is further informed and believes, and thereupon alleges that there exists a unity of interest and ownership between Defendant Naschem and Defendant N.Rit Corporation such that the individuality and separateness of said defendants has ceased to exist. The business affairs of the above mentioned defendants at all relevant times were and are so intermingled that the defendants cannot be reasonably be segregated.  N.Rit and Naschem shall hereinafter collectively be referred to as, "Defendants."

6. Unless specifically stated otherwise, the acts complained of herein were committed by, on behalf of, and/or for the benefit of Defendants.

## II.

## NATURE OF THE ACTION

7. This is an action for patent infringement.

8. Foundton is informed and believes, and thereupon alleges, that Defendants have been and are infringing, contributing to the infringement of, and/or actively inducing others to infringe claims of U.S. Patent No. 8,201,961 ("the '961 Patent"), U.S. Patent No. 8,444,285 ("the '285 Patent"), and U.S. Patent No. 8,474,995 ("the '995 Patent," hereinafter collectively, "the Asserted Patents").

# III.

# JURISDICTION AND VENUE

9. This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. This Court has jurisdiction over Defendants because they have substantial contacts and conducts substantial business in the state of California, in this judicial district and have been infringing, contributing to the infringement of, and/or actively inducing others to infringe the Asserted Patents in this District and elsewhere.

11. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 (a) (b) and (c) and /or 1400 (b) because a substantial part of the events giving rise to Foundton's claims occurred in the Central District of California and because Defendants are subject to personal jurisdiction in the Central District of California.

//

## IV.

## FACTUAL BACKGROUND

### The Asserted Patents and their Background

12. The Asserted Patents relate to technology used in and commonly referred to as cliplights, caplights, headlamps and similar lighting products with adjustable members. Foundton Corporation is the owner of the Asserted Patents by assignment from the inventor, Chi Hung Fermi Lau. Based on the patented technology, Foundton has designed, and developed products that it markets and sells worldwide. Foundton has relied on and invested in the patented technology in order to grow its markets and its business, and has relied on the US Patent system to protect both the technology and the business that has resulted from its investments.

13. The Asserted Patents are related to lighting products with adjustability features that allow flexible use. The lighting products are designed to be worn on the head, but the user may obtain benefit of the features of the lighting products in other applications.

14. On June 19, 2012, U.S. Patent No 8,201,961 ("the '961 Patent") titled "Rotatable Headlamp" issued to Chi Hung Fermi Lau, providing a headlamp with a mounting arrangement and power source that has flexibility and adjustability features. A

-4-

true and correct copy of the '961 patent is attached as Exhibit "A" and incorporated herein by reference.

15. On May 21, 2013, U.S. Patent No 8,444,285 ("the '285 Patent") titled "Clip Light" issued to Chi Hung Fermi Lau. This patent is directed to a combination of features that allows for a power source and lighting mechanism source, detachably and flexibly arranged so that it can be mounted, and for example, worn on the user's head. A true and correct copy of the '285 patent is attached as Exhibit "B" and incorporated herein by reference.

16. On July 2, 2013, U.S. Patent No 8,474,995 ("the '995 Patent") titled "Clip Light" issued to Chi Hung Fermi Lau. This patent discloses mounting and adjustability features for a lighting product. A true and correct copy of the '995 Patent is attached as Exhibit "C" and incorporated herein by reference.

17. At all relevant times, the rights in the Asserted Patents have been owned by Chi Hung Fermi Lau, and assigned to Foundton.

//

## V.

## CLAIMS FOR RELIEF

## COUNT 1

**(Patent Infringement of U.S. Patent No 8,201,961 ('961 Patent)**

**Under 35 U.S.C. § 271 *et seq.*)**

18. Foundton incorporates by reference and realleges paragraphs 1 through 17 above as though fully restated here.

19. Foundton is informed and believes that Defendants have infringed, contributory infringed and/or induced the infringement of the '961 Patent through its production and sale of products using the technology that is proprietary to Foundton under the '961 Patent.

20. Foundton is informed and believes that Defendants have provided infringing products to the market under various names including "Mastervision original," "Little Giant Swivel," "N-Rit 3 LED Cap Light," "N-Rit Little Giant Cap Light" and other product names. The aforementioned and any other infringing products may be referred to collectively as the "Accused Products."

21. Foundton is informed and believes that Defendants make the Accused Products available through various marketing channels, including a distribution network that conducts direct and Internet sales.

22. Foundton believes that Defendants' acts of marketing the Accused Products directly and in connection with customers and other parties constitute direct and contributory and/or induced infringement of the '961 Patent. Foundton believes that Defendants have not only violated the proprietary rights of Foundton, but have encouraged and induced others to do so, through their marketing channels and sales networks and the continued sale of the Accused Products through Defendants' direct and third party marketing channels.

23. Foundton is entitled to recover from Defendants the actual damages it has sustained as a result of Defendants' wrongful acts as alleged herein, in an amount to be proven at trial under 35 U.S.C. § 284.

24. Foundton is informed and believes and thereupon alleges that Defendants' infringement has been and continues to be willful and deliberate, in disregard for Foundton's patent rights, and that Foundton is thereby entitled to increased damages up to three times the amount of actual damages and attorney's fees, pursuant to 35 U.S.C. §§ 284 and 285.

25. Defendants' continued infringement of the '961 Patent will continue to damage Foundton in a manner that is causing irreparable harm for which there is no adequate remedy at law unless they are enjoined by this Court.

26. Foundton therefore is informed and believes and thereupon alleges that Defendants have infringed and continue to infringe the claims of the "961 Patent, literally or under the doctrine of equivalents by making, using, offering for sale and selling (directly and through intermediaries or third parties) the Accused Products in this District and elsewhere in the United States.

27. Foundton is informed and believes and thereupon alleges Defendants have contributed and continue to contribute to the literal infringement and/or infringement under the doctrine of equivalents of the claims of the '961 Patent, and have actively induced and continue to actively induce others to infringe the claims of the '961 Patent, literally and under the doctrine of equivalents in this District and elsewhere in the United States.

//

-8-

# COUNT 2

## (Patent Infringement of U.S. Patent No 8,444,385 (The '385 Patent)

## Under 35 U.S.C. § 271 *et seq.*)

28. Foundton incorporates by reference and realleges paragraphs 1 through 27 above as though fully restated here.

29. Foundton is informed and believes that Defendants have infringed, contributory infringed and/or induced the infringement of the '385 Patent through its production and sale of products using the technology that is proprietary to Foundton under the '385 Patent.

30. Foundton is informed and believes that Defendants have provided infringing products to the market under various names including "Mastervision original," "Little Giant Swivel," "N-Rit 3 LED Cap Light," "N-Rit Little Giant Cap Light" and other product names. The aforementioned and any other infringing products may be referred to collectively as the "Accused Products."

31. Foundton is informed and believes that Defendants make the Accused Products available through various marketing channels, including a distribution network that conducts direct and Internet sales.

32. Foundton believes that Defendants' acts of marketing the Accused Products directly and in connection with customers and other parties constitute direct and contributory and/or induced infringement of the Asserted Patent. Foundton believes that Defendants have not only violated the proprietary rights of Foundton, but have encouraged and induced others to do so, through their marketing channels and sales networks and the continued sale of the Accused Products through Defendants' direct and third party marketing channels.

33. Foundton is entitled to recover from Defendants the actual damages it has sustained as a result of Defendants' wrongful acts as alleged herein, in an amount to be proven at trial under 35 U.S.C. § 284.

34. Foundton is informed and believes and thereupon alleges that Defendants' infringement has been and continues to be willful and deliberate, in disregard for Foundton's patent rights, and that Foundton is thereby entitled to increased damages up to three times the amount of actual damages and attorney's fees, pursuant to 35 U.S.C. §§ 284 and 285.

35. Defendants' continued infringement of the '385 Patent will continue to damage Foundton in a manner that is causing irreparable harm for which there is no adequate remedy at law unless they are enjoined by this Court.

36. Foundton therefore is informed and believes and thereupon alleges that Defendants have infringed and continue to infringe the claims of the "385 Patent literally or under the doctrine of equivalents by making, using, offering for sale and selling (directly and through intermediaries or third parties) the Accused Products in this District and elsewhere in the United States.

37. Foundton is informed and believes and thereupon alleges that Defendants have contributed and continue to contribute to the literal infringement and/or infringement under the doctrine of equivalents of the claims of the '385 Patent, and have actively induced and continue to actively induce others to infringe the claims of the '385 Patent, literally and under the doctrine of equivalents in this District and elsewhere in the United States.

**COUNT 3**

**(Patent Infringement of U.S. Patent No 8,474,995 (the '995 Patent)**

**under 35 U.S.C. § 271 *et seq.*)**

38. Foundton incorporates by reference and realleges paragraphs 1 through 37 above as though fully restated here.

39. Foundton is informed and believes that Defendants have infringed, contributory infringed and/or induced the infringement of the '995 Patent through its production and sale of products using the technology that is proprietary to Foundton under the '995 Patent.

40. Foundton is informed and believes that Defendants have provided infringing products to the market under various names including "Mastervision original," "Little Giant Swivel," "N-Rit 3 LED Cap Light," "N-Rit Little Giant Cap Light" and other product names. The aforementioned and any other infringing products may be referred to collectively as the "Accused Products."

41. Foundton is informed and believes that Defendants make the Accused Products available through various marketing channels, including a distribution network that conducts direct and Internet sales.

42. Foundton believes that Defendants' acts of marketing the Accused Products directly and in connection with customers and other parties constitute direct and contributory and/or induced infringement of the Asserted Patent. Foundton believes that Defendants have not only violated the proprietary rights of Foundton, but have encouraged and induced others to do so, through their marketing channels and sales

networks and the continued sale of the Accused Products through Defendants' direct and third party marketing channels.

43. Foundton is entitled to recover from Defendants the actual damages it has sustained as a result of Defendants' wrongful acts as alleged herein, in an amount to be proven at trial under 35 U.S.C. § 284.

44. Foundton is informed and believes and thereupon alleges that Defendants' infringement has been and continues to be willful and deliberate, in disregard for Foundton's patent rights, and that Foundton is thereby entitled to increased damages up to three times the amount of actual damages and attorney's fees, pursuant to 35 U.S.C. §§ 284 and 285.

45. Defendants' continued infringement of the '995 Patent will continue to damage Foundton in a manner that is causing irreparable harm for which there is no adequate remedy at law unless they are enjoined by this Court.

46. Foundton therefore is informed and believes and thereupon alleges that Defendants have infringed and continue to infringe the claims of the '995 Patent literally or under the doctrine of equivalents by making, using, offering for sale and selling

(directly and through intermediaries or third parties) the Accused Products in this District and elsewhere in the United States.

47. Foundton is informed and believes and thereupon alleges Defendants have contributed and continue to contribute to the literal infringement and/or infringement under the doctrine of equivalents of the claims of the '995 Patent, and have actively induced and continue to actively induce others to infringe the claims of the '995 Patent, literally and under the doctrine of equivalents in this District and elsewhere in the United States.

//

# VI.
# PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Foundton asks this Court to enter judgment in its favor against Defendants and grant the following relief:

    A.    An adjudication that Defendants have infringed and continue to infringe the Asserted Patents as alleged above;

    B.    An accounting of all damages sustained by Foundton Corporation as a result of Defendants' acts of infringement of the Asserted Patents;

    C.    An award to Foundton of actual damages adequate to compensate Foundton for Defendants' acts of infringement, together with pre-judgment and post-judgment interest;

    D.    An award to Foundton of enhanced damages, up to and including the trebling of Foundton damages pursuant to 35 U.S.C. § 284 for Defendants' willful infringement of the Asserted Patents.

E. An award for Foundton's cost of suit and reasonable attorneys' fees pursuant to 35 U.S.C. 285 due to the exceptional nature of this case; or as otherwise permitted by law;

F. A grant of permanent injunction pursuant to 35 U.S.C. 283, enjoining Defendants and each of their agents, servants employees, principals, officers, attorneys, successors, assignees and all those in active concert with Defendants, including related individuals and entities, customers, representatives, OEM's, dealers and distributors, from further acts of (1) infringement, (2) contributory infringement, and (3) active inducement to infringe with respect to the claims of the Asserted Patents, and;

G. Any further relief that this Court deems just and proper.

Dated: December 24, 2014    DAVID AND RAYMOND IP LAW FIRM

s/A. Justin Lum/
A. JUSTIN LUM

Attorneys for Plaintiff
Foundton Co., Ltd.

## **DEMAND FOR JURY TRIAL**

Plaintiff Foundton Co., Ltd. hereby demands a jury trial on all issues triable as of right to a jury. FED. R. CIV. P. 38(b).

Dated: December 24, 2014          DAVID AND RAYMOND IP LAW FIRM

                                  s/A. Justin Lum/
                                  A. JUSTIN LUM

                                  Attorneys for Plaintiff
                                  Foundton Co., Ltd.